UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ZAID HASAN, an individual, | Case No.: 2:10-cv-00476-RLH-PAL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Dismiss–#5) |
| OCWEN LOAN SERVICING, LLC.; a Delaware Limited Liability Company, and DOES I through X inclusive, | |
| Defendants. | |

Before the Court is Defendant Ocwen Loan Servicing, LLC's ("Ocwen") **Motion to Dismiss** (#5), filed April 13, 2010. The Court has also considered Plaintiff Zaid Hasan's Opposition (#8), filed April 29, 2010, and Ocwen's Reply (#9), filed May 5, 2010.

**BACKGROUND**

On July 21, 2006, Hasan purchased the real property located at 9363 Vital Crest Street in Las Vegas, Nevada. His original mortgage lender, Taylor, Beach & Whitaker Mortgage Corp. (not a party to this action), subsequently appointed Ocwen as the loan servicer. In March 2009, Hasan defaulted on his mortgage payments. On June 10, a notice of default was recorded, and on September 15, a notice of trustee's sale was recorded. Following the notice of trustee's

1  sale, Hasan and Ocwen began negotiating a loan modification.  Hasan now claims he never
2  received a notice of trustee sale, and Ocwen represented to him that his house would not be
3  foreclosed upon because his loan would be modified.  (Dkt. #1, Pet. for Removal Ex A, Compl. ¶¶
4  9, 13.)  Nevertheless, the house was sold at auction on February 17, 2010.
5      On February 18, 2010 Hasan filed suit against Ocwen in the Eighth Judicial District
6  Court of the State of Nevada alleging claims for: (1) promissory estoppel; (2) wrongful foreclosure
7  and quiet title; (3) tortious misrepresentation; (4) preliminary injunction; and (5) unfair lending
8  practices under NRS 598D.  On April 6, 2010 Ocwen removed the case to this Court based on
9  diversity of the parties.  Now before the Court is Ocwen's Motion to Dismiss.  For the reasons
10 discussed below, the Court grants the motion.

**DISCUSSION**

**I.    Motion to Dismiss**

A court may dismiss a Plaintiff's complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short and plaint statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands more than labels and conclusions or a formulaic recitation of the elements of a cause of action.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Factual allegations must be enough to rise above the speculative level.  *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to  state a claim to relief that is plausible on its face.  *Iqbal*, 129 S. Ct. At 1949 (internal citation omitted).

In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motion to dismiss.  First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.  *Id*. at 1950.  Mere recitals of the elements of a cause of action, supported only by

conclusory statements, do not suffice. *Id*. at 1949. Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the Plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but not shown that the pleader is entitled to relief. *Id*. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, Plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

### A. Promissory Estoppel

Hasan alleges Ocwen is liable under a promissory estoppel theory. To establish a claim for promissory estoppel, four elements must exist: (1) the party to be estopped must be apprised of the true facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting estoppel has the right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; and (4) he must have relied to his detriment on the conduct of the party to be estopped. *Pink v. Busch*, 691 P.2d 456, 459–60 (Nev. 1984). In general, the party claiming estoppel must specifically plead all facts relied on to establish its elements. *Nevada Nat. Bank v. Huff*, 582 P.2d 364, 371 (Nev. 1978), *see also Patriot Scientific Corp. v. Korodi*, 504 F. Supp. 2d 952, 967 (S.D. Cal. 2007) (quoting *Smith v. City of San Francisco*, 275 Cal. Rptr. 17, 23 (Cal. Ct. App. 1990)).

Requiring specificity for plaintiffs who plead promissory estoppel is analogous to the heightened pleading standard for fraud under Rule 9(b) of the Federal Rules of Civil Procedure, which requires a party to "state with particularity the circumstances constituting fraud." Although Rule 9(b) does not expressly apply to promissory estoppel claims, the Court concludes that Rule 9(b)'s heightened pleading standard applies because promissory estoppel involves false statements and conduct amounting to misrepresentation. *See Pacific Maxon, Inc. v. Wilson*, 619 P.2d 816, 818 (Nev. 1980) (finding that misrepresentation is a form of fraud where a false

1  representation is relied upon in fact). Pleading with Rule 9(b)'s particularity requires "an account
2  of the time, place, and specific content of the false representations, as well as the identities of the
3  parties to the misrepresentations." *Swartz v. KPMG, LLP*, 476 F.3d 756, 764 (9th Cir. 2007); *see*
4  *also Morris v. Bank of Nev.*, 886 P.2d 454, 456 n.1 (Nev. 1994).
5         To establish his promissory estoppel claim, Hasan alleges that he "relied on the
6  Ocwen's representations of the Defendant that the loan modification would occur, would be
7  accepted and foreclosure would not occur," and "direct verbal representations were made by
8  representatives of Ocwen," (Compl. ¶¶ 9, 13.) Ocwen argues that Hasan's claim fails because he
9  does not allege the details of alleged loan modification. The Court agrees. Hasan makes vague
10  assertions that do not specify the time, place, or specific content of the alleged misrepresentations.
11  Without these basic facts, the Court cannot make a reasonable inference that Ocwen is liable for
12  the alleged misconduct. Thus, Hasan's claim does not meet promissory estoppel's heightened
13  pleading standard. Accordingly, the Court dismisses this claim.
14        **B.**    **Wrongful Foreclosure and Quiet Title**
15         Hasan also alleges Ocwen wrongfully foreclosed upon his property. In Nevada,
16  "[a]n action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can establish
17  that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition
18  or failure of performance existed on the mortgagor's or trustor's part which would have authorized
19  the foreclosure or exercise of the power of sale." *Collins v. Union Federal Sav. & Loan Ass'n*,
20  662 P.2d 610, 623 (Nev. 1983). The central question in a wrongful foreclosure claim is "whether
21  the trustor was in default when the power of sale was exercised." *Id*. In this case, Hasan does not
22  dispute his delinquency on the mortgage payments nor does he allege that he cured his default
23  prior to the trustee sale of his property. Thus, Hasan fails to state a valid claim for wrongful
24  foreclosure.
25         Hasan also argues that Ocwen violated the foreclosure notice requirements set forth
26  in NRS 107.080. Although Hasan does not expressly allege a claim for violation of NRS 107.080,

1  the Court will address his allegation.  NRS 107.080 allows a court to void a trustee sale if the
2  person or entity that conducted the sale did not substantially comply with the statute.  NRS
3  107.080(5)(a).  Pursuant to NRS 107.080(4), lenders must issue notice of the trustee sale by
4  posting, publishing, and mailing it to the property.  Noticeably absent from the statute is a
5  requirement that lenders give *actual* notice to the borrower.  Hasan alleges Ocwen's exercise of
6  the power of sale was improper because he did not receive actual notice of the trustee sale.
7  However, this alleged deficiency does not violate NRS 107.080.  Taking his allegations as true,
8  Hasan does not allege facts to demonstrate that Ocwen failed to substantially comply with NRS
9  107.080.  Accordingly, the Court dismisses Hasan's claim.

10         **C.**       **Tortious Misrepresentation**

11         Hasan alleges that Ocwen misrepresented that it would modify his mortgage loan
12  and avoid foreclosure.  Misrepresentation is a form of fraud where a false representation is relied
13  upon in fact.  *See Pacific Maxon, Inc. v. Wilson*, 96 Nev. 867, 871 (Nev. 1980).  As the Court
14  previously noted, Rule 9(b) requires a heightened pleading standard for fraud claims.  To state a
15  claim for fraudulent misrepresentation in Nevada, a plaintiff must allege: (1) the defendant made a
16  false representation; (2) the defendant knew or believed the representation to be false; (3) the
17  defendant intended to induce plaintiff to rely on the misrepresentation; and (4) the plaintiff
18  suffered damages as a result of his reliance.  *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1386
19  (Nev. 1998).

20         Hasan fails to plead his misrepresentation claim with the requisite specificity.  He
21  ambiguously claims Ocwen "[made] representations that foreclosure would not occur during the
22  modification process." (Compl. ¶ 25.)  He does not, however, allege time, place, or specific
23  content of the alleged misrepresentations.  Hasan also fails to allege the identity of the Ocwen
24  representative who purportedly made the false representation.  Thus, the Court cannot infer more
25  than the mere possibility of misconduct.  Accordingly, the Court dismisses this claim.
26  /

5

### D.  Unfair Lending Practices Under NRS 598D.100

Hasan also alleges that Ocwen violated Nevada's Unfair Lending Practices Statute, NRS 598D.100. This statute prohibits lenders from making loans "without determining, using commercially reasonable means or mechanisms, that the borrower has the ability to repay the home loan." NRS 598D.100(1)(b) (2007). Hasan alleges that Ocwen violated NRS 598D.100 because he never received the notice of trustee sale and because he relied on its representations that he would receive a loan modification. However, Hasan claim fails as a matter of law for two reasons. First, NRS 598D.100 does not apply to Ocwen because it was not his original lender and it was not involved in the loan approval process. Furthermore, Ocwen was not a mortgage lender for the purposes of NRS 598D.100, but rather a loan servicer. *See* NRS 598D.050 ("Lender" means a mortgagee, beneficiary of a deed of trust or other creditor who holds a mortgage, deed of trust or other instrument that encumbers home property as security for the repayment of a home loan.). Second, Hasan's allegations involve Ocwen's foreclosure procedures, however NRS 598D prescribes certain lender conduct and loan approval procedures prior to closing a mortgage loan. Taking his allegations as true, Hasan fails to state a valid claim for unfair lending practices. Accordingly, the Court dismisses this claim.

### E.  Preliminary Injunction

Because the Court has dismissed each of Hasan's claims, he is not entitled to injunctive relief.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Ocwen Loan Servicing LLC's Motion to Dismiss (#5) is GRANTED in its entirety. The Clerk of the Court is directed to close this case.

Dated: July 12, 2010.

_____
ROGER L. HUNT
Chief United States District Judge